UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PENN-AMERICA INSURANCE COMPANY, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-12-1564 |
| | § | |
| PAMPERED NAILS & SKIN CARE, LLC | § | |
| d/b/a ELEGANT NAIL AND SKIN CARE, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

Pending before the court is defendants' motion to dismiss pursuant to Rule 12(b)(7) for failure to join a necessary party. Dkt. 6. Upon consideration of the motion, response, reply, sur-reply, and the applicable law, the motion is DENIED. However, as further explained below, the plaintiff is ORDERED to either AMEND its complaint or SHOW CAUSE why this claim should not be dismissed for lack of justiciability.

I.   MOTION TO DISMISS

### BACKGROUND

According to the compliant, defendants Tim Heaviland ("Heaviland"), Hang Heaviland, and Pampered Nails & Skin Care, LLC ("Pampered") applied for a property and general liability policy from plaintiff Penn-America Insurance Company ("Penn-America"). Dkt. 1. Based on representations by defendants that Pampered had been in the nail salon business for 1 month, Penn-America issued the policy. *Id.* Approximately 3-1/2 months after the effective date of the policy, Penn-America learned that Pampered was not in operation as a nail salon, had never been in operation as a nail salon, and, in fact, did not even have the equipment necessary to operate a nail

salon. *Id.* Penn-America then rescinded the policy and returned the premiums paid by defendants. Penn-America filed a declaratory judgment action for a declaration that it properly rescinded the policy and owes no duties to defendants for any claims that occurred during the effective period of the policy.[1] Defendants have not answered but have filed a motion to dismiss pursuant to Rule 12(b)(7) for failure to join an indispensable party. Dkt. 6.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(7) allows dismissal for "failure to join a party under Rule 19." FED. R. CIV. P. 12(b)(7). "Rule 19 provides for the joinder of all parties whose presence in a lawsuit is required for the fair and complete resolution of the dispute at issue." *HS Res., Inc. v. Wingate*, 327 F.3d 432, 438 (5th Cir. 2003). "It further provides for the dismissal of litigation that should not proceed in the absence of parties that cannot be joined." *Id*. "[T]he burden is on the party moving under Rule 12(b)(7) to show the nature of the unprotected interests of the absent individuals or organizations and the possibility of injury to them or that the parties before the court will be disadvantaged by their absence." 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1359 (3rd ed. 2004).

Rule 19 provides a two-step inquiry to determine if dismissal is warranted for failure to join an absent party. "First, Rule 19(a) provides a framework for deciding whether a given person should be joined. Second, if joinder is called for, then Rule 19(b) guides the court in deciding whether the suit should be dismissed if that person cannot be joined." *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 1986). The court shall require joinder if any of the substantive requirements are met under 19(a)(1)(A), 19(a)(1)(B)(i), or 19(a)(1)(B)(ii):

---

[1] Penn-America is a Pennsylvania corporation and predicates jurisdiction on diversity pursuant to 28 U.S.C. § 1332(a).

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a).

## ANALYSIS

Defendants argue that the suit must be dismissed because Mark L. Brock and Brock Insurance Group (collectively "Brock") are required parties. Dkt. 6. Brock is an independent insurance broker who, according to defendants, recommended and sold them the Penn-American policy at issue. Defendants contend that Brock is required because if the court finds that defendants' claim[2] is not covered under the policy, Brock could face liability for misrepresentation and/or negligence. *Id.* Penn-America counters that Brock was the defendants' agent and had no contractual relationship with Penn-America, who sold the policy through a wholesaler. Thus, Brock's alleged misrepresentations have no bearing on the relationship between Penn-America and defendants.

Defendants do not explain, nor does the court find, any reason why relief could not be properly accorded among the parties in the absence of Brock. Additionally, should the court find in favor of Penn-America, that would not subject Brock to liability against which it is unable to protect itself or an inconsistent obligation. Whether defendants made material misrepresentations

---

[2] The court notes that although a claim under the policy is implied by the complaint and both parties allude to a claim in their respective filings on this motion to dismiss, nowhere has anyone actually plead the existence of a claim. As explained later in this order, the failure to plead an active claim may suggest that the case is non-justiciable.

3

on their application is a completely separate cause of action from a suit for misrepresentation or negligence—if any—on the part of the broker.  Accordingly, Brock is not a necessary party.

In their reply, for the first time, defendants also allege that Tapco Underwriters, Inc. is a necessary party, as the surplus lines agent for the policy.  The court need not consider arguments raised for the first time in a reply brief.  *Texas Democratic Party v. Benkiser*, 459 F.3d 582, 594 (5th Cir. 2006).  However, even if the court did consider the argument, it would fail for the same reasons as defendants' argument that Brock is a necessary party fails.  Therefore, the motion to dismiss is DENIED.

## II.  JUSTICIABILITY

"[R]ipeness is a constitutional, jurisdictional prerequisite to both declaratory and injunctive relief."  *Int'l Tape Mfrs. Ass'n v. Gerstein*, 494 F.2d 25, 27 (5th Cir. 1974).  In the instant case, Penn-America asks the court to declare that it would not be liable for any claims under the voided policy brought by defendants for incidents occurring during the period the policy was in force.  Dkt. 1  However, Penn-America has not alleged a claim exists.  In the absence of an actual claim, whether Penn-America properly cancelled the policy and could be liable for claims during the period at issue would be purely advisory.  Therefore, it is ORDERED that Penn-America either AMEND its complaint to state a controversy or SHOW CAUSE why this case should not be dismissed as not yet ripe within 20 days of the date of this order.

It is so ORDERED.

Signed at Houston, Texas on November 1, 2012.

_____
Gray H. Miller
United States District Judge

4